IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ELIZABETH WATERMAN,

    Plaintiff,

v.

BUILDING VISION CROOKSTON LLC
d/b/a OPTICARE-CROOKSTON VISION
ASSOCIATES,

    Defendant.

Case No. _____

**COMPLAINT**

Plaintiff Elizabeth Waterman ("Plaintiff") sues defendant Building Vision Crookston LLC d/b/a Opticare-Crookston Vision Associates ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

2. Defendant is a limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business located at 421 DeMers Ave NW, East Grand Forks, MN 56721. Defendant's agent for service of process is Steven Gander, 421 DeMers Avenue, East Grand Forks, MN 56721.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

**FACTS**

**I.  Plaintiff's Business and History**

6. Plaintiff is an accomplished American photographer and director based in Los Angeles, CA that holds a Bachelor of Arts degree in Fine Art from the University of Southern California.

7. Plaintiff's work discovers sexuality, portraits, sex work, and obsessions of performance artists (see https://elizabethwaterman.com/). Her style has been depicted as mutually transformative and transcendent.

8. Plaintiff's photographic work has been featured in performances at the Wallplay (NYC), old Limelight Church/Jue Lan Club (NYC), and Olson-Irwin (Sydney), auctioned on Artnet.com, and exhibited on L'Oeil de La Photographie.com.

9. Plaintiff also has an extensive editorial and commercial portfolio. Her editorial work has been published in *The British Journal of Photography*, *The Los Angeles Times*, and *The*

2

*Huffington Post.* Plaintiff's commercial clientele includes fashion designers Marc Jacobs and Elie Tahari as well as *MS Magazine.*

10. Currently, Plaintiff is exhibiting imageries from her 2021 sold-out hardcover, MONEYGAME, that features black and white and color photographs from her five-year venture into the sex work and stripper industry, as well as her editorial text.

**II.     The Work at Issue in this Lawsuit**

11. In 2018, Plaintiff took a professional photograph of sunglasses with palm trees reflected in the lenses titled "158_IVI_SocialMedia_Nov2018_292" (the "<u>Work</u>").  A copy of the Work is exhibited below:



12. The Work was registered by Plaintiff with the Register of Copyrights on March 14, 2019 and was assigned Registration No. VAu 1-353-347. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

13. Plaintiff is the owner of the Work and has remained the owner at all times material

3

hereto.

### III. Defendant's Unlawful Activities

14. Defendant is an optometry practice with two locations in Minnesota providing eye exams, emergency care, and disease management to its patients.

15. Defendant advertises/markets its business through its website (https://www.opticarevisionclinic.com/), social media (e.g., https://www.facebook.com/OpticareCrookston/, https://www.facebook.com/OpticareVisionClinic, and https://www.instagram.com/opticarevisionclinic), and other forms of advertising.

16. On March 1, 2023 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://www.facebook.com/photo.php?fbid=857940252112018&set=pb.100036881547309.-2207520000.&type=3):



17. A true and correct copy of the screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

4

18. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

19. Defendant utilized the Work for commercial use.

20. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21. Through her ongoing diligent efforts to identify unauthorized use of her photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in March 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past and/or ongoing infringement of her Work.

22. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display

of the Work on its website, webpage, and/or social media.

27. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

28. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

29. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2024, Opticare Vision Clinic. All Right Reserved."), indicating that Defendant understands the importance of copyright protection/intellectual property rights. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her costs and attorneys' fees as a result of Defendant's conduct.

34. Defendant's conduct has caused and any continued infringing conduct will continue

to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: July 12, 2024

                                         **BRIOL & BENSON, PLLC**

                                         By: /s/ *Scott A. Benson*
                                         Scott A. Benson (#0198419)
                                         Darren B. Schwiebert (#0260642)
                                         3700 IDS Center
                                         80 South Eighth Street
                                         Minneapolis, MN 55402
                                         Tel.: 612-756-7777
                                         Email: scott@briollaw.com

                                         *Attorneys for Plaintiff*